IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SCOT CARTER,                          §
                                      §
        Plaintiff,                    §
                                      §
v.                                    §     CIVIL ACTION NO. H-11-3615
                                      §
BANK OF AMERICA, N.A., As             §
Successor by Merger to BAC            §
HOME LOANS SERVICING, LP,             §
                                      §
        Defendant.                    §

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant's Motion and Memorandum in Support of Motion to Dismiss for Failure to State a Claim (Docket Entry No. 19). The court's Order entered on July 12, 2012 (Docket Entry No. 20), required plaintiff to respond to the motion within twenty days of the Order. Although more than twenty days have elapsed, plaintiff has not responded.

At the court's initial pretrial and scheduling conference on January 13, 2012, the court granted defendant's motion to dismiss plaintiff's claims based on federal law and ordered plaintiff to file an amended complaint within twenty days. (Hearing Minutes and Order, Docket Entry No. 11) Plaintiff subsequently filed his First Amended Original Complaint (Docket Entry No. 14), in which plaintiff contests defendant's right to foreclose on his property.

The gist of the complaint is plaintiff's suspicion that defendant is not the current owner and holder of plaintiff's note. (See Docket Entry No. 14, ¶¶ 11-14.)

In order to survive Defendant's Motion to Dismiss, Carter's Amended Original Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007)). Plaintiff acknowledges in paragraph 19 of his First Amended Original Complaint that "[i]n order to prevail in his claim contesting the right of defendant BOA to foreclose on his property, Carter must prove that BOA does not have the authority to foreclose on his property."

Plaintiff's First Amended Original Complaint alleges no facts showing that Bank of America N.A., as Successor by Merger to BAC Home Loans Servicing, LP, did not have the right to foreclose on his home either as holder of the note or servicer of the loan. Nor do the documents attached to plaintiff's state court Petition (Docket Entry Nos. 1 and 2) evidence any facts that would entitle plaintiff to relief. See, e.g., Memorandum Opinion and Order in Masuku v. Bank of America, N.A., et al., Civil Action No. H-11-1443, Docket Entry No. 26, pp. 11-13; Memorandum Opinion and Order in Morlock v. JPMorgan Chase Bank, N.A., Civil Action No. H-12-1448, Docket Entry No. 9, pp. 15-17.

Because Carter has failed to allege facts that entitle him to relief, the Defendant's Motion to Dismiss for Failure to State a Claim (Docket Entry No. 19) is **GRANTED**.  Since the court has allowed Carter one opportunity to amend his complaint, the court will dismiss this action with prejudice.

**SIGNED** at Houston, Texas, on this 20th day of August, 2012.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE